UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSUE A. MEJIA,<br><br>              Plaintiff,<br><br>      v.<br><br>ESPINOZA, et al.,<br><br>              Defendants. | Case No.   1:24-cv-01381-KES-EPG (PC)<br><br>ORDER DENYING MOTION FOR ENTRY OF DEFAULT<br><br>(ECF No. 21) |

Plaintiff Josue A. Mejia, a state prisoner, proceeds *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. (ECF Nos. 1, 6). The Court has screened the complaint and allowed this action to proceed on Plaintiff's claims (1) for excessive use of force against Defendants Espinoza, Pangaldan, Ayala, Guiterrez, John Doe 1, John Doe 2, and Lopez; (2) for failure to protect against Defendants Jane Doe 1 and Jane Doe 2; (3) for deliberate indifference to serious medical needs against Defendant Pangaldan; and (4) for retaliation against Defendant Gomez. (ECF No. 13).

This matter is now before the Court on Plaintiff's "declaration for entry of default." (ECF No. 21, capitalization omitted). The Court construes this filing as a motion requesting a Clerk's entry of default against the named Defendants under Federal Rule of Civil Procedure 55(a), which requires the Clerk of Court to enter a default when a party fails to plead or otherwise defend an action. Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is

1

sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). Citing the waiver of service form filed by Defendants, Plaintiff states that Defendants were served on January 14, 2025, but have failed to answer within 60 days. (*See* ECF No. 18).

However, Plaintiff is mistaken. Defendants timely filed their answer on March 17, 2025.[1] (ECF No. 19). Because Defendants have timely answered the complaint, Plaintiff provides no basis to enter a default against them. *See Mecklenberg v. Placerville Brewing Co., LLC*, No. 2:13-CV-149-JAM-EFB PS, 2018 WL 2264193, at *2 (E.D. Cal. May 17, 2018) ("When a defendant has filed an answer, default cannot be entered until that answer is stricken.").[2]

Accordingly, IT IS ORDERED that Plaintiff's motion for entry of default (ECF No. 21) is denied.[3]

IT IS SO ORDERED.

Dated: **March 25, 2025**                    /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE

---

[1] Sixty days from January 14, 2025, is Saturday, March 15, 2025. Under Federal Rule of Civil Procedure 6(a)(1)(c), when a period to submit a filing is stated in days, weekends are not counted towards the time to submit the filing, meaning that Monday, March 17, 2025, was a timely date to file Defendants' answer.

[2] The Court concludes that this is a non-dispositive matter that can be addressed by order. *See Stephenson v. Lappin*, No. CVS06 2735LKK EFB PS, 2007 WL 1577632, at *1 (E.D. Cal. May 31, 2007) (noting that a denial of entry of default was non-dispositive).

[3] Additionally, this Court notes that it entered an order on March 18, 2025, staying this case for 120 days to allow the parties an opportunity to attempt to settle their dispute before the discovery process begins. This order, provides, in relevant part, as follows: "Except as provided herein or by subsequent court order, no other pleadings or other documents may be filed in this case during the stay of this action." (ECF No. 20, p. 2).